UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUCILLE D. CLARK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| v. | )    **Cause No. 3:20-cv-01335-GCS** |
| | ) |
| | ) |
| **KROGER LTD. PARTNERSHIP,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM and ORDER**

**SISON, Magistrate Judge:**

This matter comes before the Court for case management.[1] On December 14, 2020, Plaintiff filed suit against Defendant in this Court for negligence presumably based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). However, a review of the complaint indicates that plaintiff alleges residency instead of citizenship as to herself and does not allege the citizenship of defendant. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's*

---

1    The Court finds that it must raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. *See, e.g., Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) (stating that "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)(stating that "[e]nsuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998).

*E. Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002). *See also Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2000)(stating that "allegations of residence are insufficient to establish diversity jurisdiction."); *Held v. Held,* 137 F.3d 998, 1000 (7th Cir. 1998)(same). Further, the complaint alleges an amount in controversy in excess of $50,000.00, which is insufficient. *See, e.g.,* 28 U.S.C. § 1332 (requiring complete diversity between the parties plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs). Thus, the Court **DIRECTS** plaintiff to file an amended complaint that comports with this Memorandum and Order on or before **December 30, 2020** or the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:   December 16, 2020.

Digitally signed by Judge Sison 2
Date: 2020.12.16 08:57:19 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**